**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Brian Kummer, | No. CV-18-02338-PHX-ROS |
| Petitioner, | **ORDER** |
| v. | |
| Charles Ryan, et al., | |
| Respondents. | |

Magistrate Judge John Z. Boyle recommends Petitioner James Brian Kummer's petition for writ of habeas corpus be denied and dismissed with prejudice. (Doc. 22). Kummer filed lengthy objections to which Respondents responded. Kummer then filed another document, addressing Respondents' response. (Doc. 25, 29, 30). Finally, Kummer filed a "Motion to Introduce New Evidence" requesting the Court consider a newspaper article regarding a lab that performs DNA testing for police agencies. (Doc. 31). The Court has reviewed all the filings and, for the following reasons, agrees with Magistrate Judge Boyle that Kummer is not entitled to relief.

**BACKGROUND**

The Report and Recommendation ("R&R") provides the background regarding Kummer's various convictions. That background is accurate and will be adopted. However, a few portions of the background are crucial for understanding some of Kummer's objections and those portions are forth here.

Kummer was convicted of one count of burglary, one count of kidnapping, one

count of violent sexual assault, one count of attempted sexual assault, and one count of assault. Kummer was sentenced to prison terms totaling more than 60 years. Kummer appealed his convictions but his appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating he had "searched the record" and was unable to find any "arguable question of law that is not frivolous." (Doc. 13-2 at 87). Kummer then filed a pro se "supplemental brief" presenting a variety of arguments regarding "prosecutorial misconduct, judicial error, and ineffective assistance of counsel." (Doc. 13-3 at 4). In its opinion affirming Kummer's convictions and sentences, the Arizona Court of Appeals noted it had reviewed Kummer's "supplemental brief," as well as the entire record as required by *Anders*, but it was unable to find any "reversible error." (Doc. 13-3 at 32).

Having failed to obtain relief on direct review, Kummer filed a notice of post-conviction relief in state court. Kummer was appointed counsel who reviewed his file. That counsel then filed a notice stating she was unable to find any colorable issues on which to seek post-conviction relief. Kummer then filed a pro se petition that focused on claims of ineffective assistance of counsel. (Doc. 13-3 at 66). After the superior court denied relief Kummer filed a petition for review with the Arizona Court of Appeals. That court granted review but denied relief. In doing so, the Arizona Court of Appeals described Kummer as "raising claims of ineffective assistance of counsel, newly discovered evidence, and actual innocence." 2017 WL 4171877, at *1 (Ariz. Ct. App. Sept. 21, 2017). The appellate court concluded it was unnecessary to provide a detailed analysis of Kummer's claims because the trial court had "clearly identified and correctly ruled upon the issues raised." *Id.* Thus, the appellate court "adopt[ed] the trial court's ruling as to the issues raised," and denied relief. *Id.* Kummer then filed the present federal petition.

The Court construed Kummer's petition as presenting 23 separate claims. Respondents answered the petition and the Magistrate Judge prepared a lengthy R&R. In analyzing the 23 claims, the R&R provided useful groupings of similar claims. The parties have largely followed the R&R's groupings in providing their objections and responses.

Thus, the Court will also follow the R&R's groupings with only minor modifications.

**ANALYSIS**

Before discussing particular claims, it is necessary to first point out a central flaw in Kummer's objections. As explained by the R&R, "[o]rdinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies." (Doc. 22 at 6). To exhaust state remedies, a petitioner must present all of his claims to the state courts in the procedurally appropriate manner. According to the R&R, Kummer did not exhaust many of the claims he is now attempting to pursue. In his objections, Kummer argues *all* of his claims were properly raised in state court because the Arizona Court of Appeals had a duty, pursuant to *Anders v. California*, to "conduct a 'full appellate review' to determine if there were any issues with merit." (Doc. 25 at 11). That "full appellate review," according to Kummer, must have included all the federal claims he now wishes to pursue. In other words, Kummer argues the Arizona Court of Appeals' performing its obligations pursuant to *Anders* effectively exhausted all possible federal claims. That is incorrect.

Before explaining why Kummer's argument is incorrect, it is important to note the *Anders* review occurred only during the direct review of Kummer's convictions. In that direct review proceeding, however, the Arizona Court of Appeals did not consider any claims involving ineffective assistance of counsel. Rather, Arizona courts only consider ineffective assistance of counsel in the context of post-conviction relief proceedings. Thus, the Arizona Court of Appeals' *Anders* review is irrelevant to the exhaustion of Kummer's ineffective assistance of counsel claims.

Turning to the claims that Kummer should have exhausted by pursuing them in his direct appeal, Kummer cites no authority that the Arizona court's *Anders* review exhausted all such claims. The only authority the Court has located points to the opposite conclusion. For example, in *Moormann v. Schriro* the Ninth Circuit discussed the Arizona Supreme Court's statutory obligation to review the trial record in every capital case for "fundamental errors affecting the judgment or sentence." 426 F.3d 1044, 1057 (9th Cir. 2005). In

*Moorman*, the habeas petitioner argued that statutory obligation meant all possible federal claims had been exhausted, even if the petitioner did not brief them. *Id.* The Ninth Circuit rejected that argument in a single sentence: "Where the parties did not mention an issue in their briefs [to the Arizona Supreme Court] and where the [Arizona Supreme Court] did not mention it was considering that issue sua sponte, there is no evidence that the [Arizona Supreme Court] actually considered the issue, regardless of its duty to review for fundamental error, and the issue cannot be deemed exhausted." *Id.*

Multiple lower court judges in the Ninth Circuit have cited this language from *Moorman* and extended it to the argument Kummer is now making in the non-capital *Anders* context. In *Ales v. Ryan*, for example, the court held "[t]he Arizona Court of Appeals' review pursuant to *Anders* [does] not result in exhaustion" of all possible federal claims. No. CV-16-1840-PHX-NVW-JZB, 2017 WL 707498, at *6 (D. Ariz. Jan. 9, 2017). In that court's view it would be a perversion of the exhaustion requirement "[i]f *Anders* review exhausted all federal claims" while briefs raising discrete federal claims were found to exhaust only the exact claims argued in the briefs. *Id.* Similarly, in *Smiley v. Ryan*, the court noted that allowing *Anders* review to exhaust all possible federal claims "would effectively gut the principles of exhaustion for many of the habeas cases filed." No. CV-12-2525-PHX-FJM, 2014 WL 7272474, at *13 (D. Ariz. Dec. 18, 2014).

Consistent with existing authority, Kummer's argument that the Arizona Court of Appeals' *Anders* review exhausted all possible federal claims is incorrect. Any claim Kummer did not raise in the procedurally appropriate manner in state court is not exhausted and, absent special circumstances, cannot be the basis for federal relief.

**I. Claims One, Three, Eleven, Twelve, Fourteen, and Seventeen**

All of these claims involve DNA evidence and are best analyzed together.

**A. Claims One and Fourteen**

As recounted in the R&R, Claim One is based on Kummer being "denied due process when the prosecution submitted inadmissible [DNA] evidence" in the form of test results from a "swab of dark red stain on tape." Claim Fourteen is that Kummer was denied

effective assistance of counsel when his counsel did not "challenge the [same] DNA evidence or ask for a mistrial when it was revealed at trial that the state's key evidence was in fact inadmissible." (Doc. 22 at 16).

The Court agrees with the R&R that Claim One was not exhausted in state court. Thus, Claim One cannot be the basis for granting relief here. But even if Claim One had been exhausted, Kummer has not explained how the admission of the DNA evidence constituted a denial of due process. Kummer appears to believe Arizona law did not allow admission of the DNA evidence but he has not cited the precise law he is referencing. And, in any event, a violation of Arizona law would not be sufficient to merit relief in federal court because a violation of Arizona law does not necessarily establish a violation of Kummer's *federal* rights. Kummer has not presented any evidence or argument that introduction of the DNA evidence violated his federal rights and Claim One fails.

As for Claim Fourteen, the analysis is slightly more complicated. Claim Fourteen is that Kummer was provided ineffective assistance of counsel when his trial counsel did not "challenge the DNA evidence or ask for a mistrial when it was revealed at trial that the state's key evidence was in fact inadmissible." (Doc. 1 at 19). The R&R recommends this claim be "denied for the reasons outlined" regarding Claim One. But it appears Claim Fourteen was exhausted and cannot be rejected on a purely procedural basis. (Doc. 13 at 27) (Respondents' answer addressing Claim Fourteen as if exhausted). Moreover, Claim Fourteen is not presenting a claim under state law. Instead, Claim Fourteen appears to be an assertion that Kummer's attorney did not make certain arguments under state law and those failures deprived Kummer of his federal right to the effective assistance of counsel. As recently explained by the Ninth Circuit, "[a]n attorney's failure to raise a state-law objection at trial . . . may support a claim for ineffective assistance of counsel in a later federal habeas petition." *Dixon v. Baker*, 847 F.3d 714, 722–23 (9th Cir. 2017). Thus, the Court will view Claim Fourteen as asserting a violation of Kummer's federal right to effective counsel.

Kummer has not established his attorney provided deficient assistance regarding the

admission of the DNA evidence. In particular, Kummer has not explained the Arizona law his attorney failed to invoke that would have precluded admission of the DNA evidence. In addition, Kummer has not established he was prejudiced by his attorney's failure to make unidentified state-law objections. Claim Fourteen fails.

### B. Claim Eleven

In Claim Eleven Kummer argues the prosecutor committed misconduct by arguing the DNA evidence showed no other male contributors. Kummer argues the DNA evidence was "inconclusive" regarding the presence of DNA from another male and the prosecutor misled the jury by claiming it definitively established no other male DNA was present. The Arizona Court of Appeals addressed this argument at some length and ruled the "inconclusive" DNA results meant the prosecutor was entitled to argue no other male DNA was present. The Arizona Court of Appeals was correct that the prosecutor was entitled to make such an argument. At the very least, as correctly observed by the R&R, Kummer has not established the Arizona Court of Appeals decision "was contrary to, or involved an unreasonable application of, clearly established" Supreme Court law. 28 U.S.C. § 2254.

### C. Claims Three, Twelve, Seventeen

Claims Three, Twelve, and Seventeen involve a roll of tape that was found at the crime scene. That roll of tape was not tested for DNA nor was it fingerprinted. Kummer argues the failure to test the tape denied him due process (Claim Three), the "state was in error" for not testing the tape (Claim Twelve), and Kummer's counsel provided ineffective assistance of counsel by not testing the tape (Claim Seventeen). The R&R concluded Claims Three and Twelve were not raised on direct appeal. That is correct. Therefore, those claims are procedurally defaulted without excuse and cannot be the basis for relief here.

As for Claim Seventeen involving ineffective assistance of counsel, this claim was not exhausted and could be rejected on that basis alone. But the failure to exhaust this claim is not necessarily fatal. *See Martinez v. Ryan*, 566 U.S. 1, 17 (2012). Thus, the Court must determine whether Claim Seventeen presents a "substantial" claim of ineffective

assistance of counsel. *Ramirez v. Ryan*, No. 10-99023, 2019 WL 4281731, at *8 (9th Cir. Sept. 11, 2019). It does not.

Testing the tape might have resulted in yet more inculpatory evidence of Kummer's involvement. After all, testing of the gloves and tape used on the victim had inculpated Kummer. Thus, a decision not to test the roll of tape which might have generated yet more inculpatory evidence does not present a substantial case of deficient performance. In addition, absent some reason to believe the test results would have been especially exculpatory, Kummer has not made a substantial showing that he suffered prejudice. It is possible the tape might have inculpated Kummer but it is difficult to see how it would have completely exculpated him. Even if other DNA had been discovered on the tape, sufficient evidence to convict Kummer was still present in the form of Kummer's DNA on other items. Claim Seventeen fails.

**II. Claim Two**

In Claim Two Kummer argues the prosecution committed a *Brady* violation by not turning over "the actual labwork from the DNA testing done on the blood spatter in the victim's bedroom." (Doc. 22 at 17). Kummer also argues he received ineffective assistance of counsel because his counsel did not seek this evidence.

Kummer did not exhaust the *Brady* violation aspect of this claim and he cannot pursue that aspect here. As for the ineffective assistance of counsel aspect, again the failure to exhaust is not fatal. *See Martinez v. Ryan*, 566 U.S. 1, 17 (2012). But the record is sufficiently developed to determine the claim is not substantial.

The record establishes the underlying evidence was disclosed to Kummer's expert. Thus, Kummer has not made a substantial showing that his counsel performed deficiently. In addition, even if the "actual labwork" was somehow different from what Kummer's expert reviewed, Kummer has not explained how his expert's testimony would have differed after reviewing the "actual labwork." Therefore, Kummer has not made a substantial showing of prejudice.

**III. Claim Four**

1 Claim Four is that Kummer's "violent sexual assault conviction" violated the prohibition against double jeopardy. Kummer did not exhaust this claim and he has not established any basis to excuse that failure. Therefore, the Court cannot grant Kummer any relief on this claim. Even on the merits, however, Kummer has not established how his convictions violated the prohibition against double jeopardy. As correctly explained by the R&R, the federal double jeopardy clause is triggered only when two offenses require proof of the same facts. If each offense "requires proof of an additional fact which [another offense] does not," there is no double jeopardy problem. *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Each of Kummer's convictions required proof of a distinct element such that there was no double jeopardy problem with his convictions.

**IV. Claims Five and Nineteen**

Claims Five and Nineteen involve assertions of judicial bias. Kummer alleges the trial court refused to allow certain objections (Claim Five) and that the trial court and Arizona Court of Appeals mishandled his petition for post-conviction relief (Claim Nineteen).[1] The R&R concluded these claims were not exhausted and there was no basis to excuse that failure. Kummer has not presented any reason to doubt that conclusion. But even if these claims were exhausted, Kummer has not established any basis for relief.

As set forth by the R&R, the alleged instances of judicial bias appear to involve rulings made by the various judges. Rulings alone "almost never" establish judicial bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994). Kummer presents no evidence that something exceptional occurred in the handling of his case to render his judicial bias claims worthy of more analysis.

**V. Claims Six, Eight, Nine, Thirteen**

Claims Six, Eight, Nine, and Thirteen involve the trial court's admission of evidence regarding Kummer's prior sexual offense. In admitting such evidence, the trial court concluded Kummer had a "character trait giving rise to an aberrant sexual propensity to

---

[1] Claim Five also alleges Kummer received ineffective assistance of counsel because his counsel did not properly object at trial or seek some other relief based on the trial judge's behavior. Kummer has not made a substantial showing that these actions were deficient performance or prejudicial.

commit the offense charged." Ariz. R. Evid. 404(c). Kummer argues it violated his due process rights to invoke this rule because he had only one prior bad act (Claim Six), the trial court erred by not obtaining an accurate psychiatric profile before admitting the evidence (Claim Eight), the trial court erred by admitting a psychiatric profile containing errors (Claim Nine), and Kummer's attorney provided ineffective assistance of counsel by not adequately challenging the Rule 404(c) evidence (Claim Thirteen). The primary focus of these claims is that Kummer believes it was inappropriate to describe him as having a "character trait" based on only one prior event.[2]

Kummer presented some arguments regarding the Rule 404(c) evidence in state court but, for the most part, he did not cite to federal law or raise a federal claim. Thus, the R&R is correct that some of these claims are not exhausted and cannot be the basis for relief here. Even on the merits, Kummer has not established the admission of his prior offense, or reference to him having a "trait," rendered his trial fundamentally unfair. The Supreme Court has not established it violates an individual's federal due process rights to introduce a prior offense or use the word "trait" at a criminal trial. Moreover, Kummer has not established it violated his federal rights to not obtain an accurate psychiatric profile before admitting the evidence. Finally, Kummer's counsel *did* challenge the admission of the Rule 404(c) evidence. Therefore, Kummer has not made a substantial showing that his attorney performed deficiently regarding the Rule 404(c) evidence. Nor has Kummer made a substantial showing that the alleged failures by his attorney prejudiced him.[3] In short, Kummer has not established a valid basis for relief in federal court regarding the Rule 404(c) evidence.

**VI. Claim Seven**

---

[2] Kummer argues "[t]he state has the right to notify [a] jury of [a] prior bad act, but never has the right to accuse the petitioner of having a 'character trait.'" (Doc. 25-1 at 7). Based on this assertion, Kummer seems to be arguing that it was use of the word "trait," instead of the actual admission of his prior offense, that was harmful. Kummer has not developed this argument in a sufficiently clear way. And it seems unlikely the jury was unduly swayed by use of the word "trait" given that the jury, per Kummer, was entitled to learn about the details of his prior sexual offense.
[3] Kummer also complains he was not given the opportunity to attend a hearing on the Rule 404(c) issues. Kummer has not explained how his presence at the hearing would have altered the result.

Claim Seven is that Kummer's due process rights were violated when the trial court awarded $400 in restitution. The Ninth Circuit has held claims seeking relief from restitution orders are not cognizable in federal habeas proceedings. *Bailey v. Hill*, 599 F.3d 976, 981 (9th Cir. 2010). *Cf. United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (noting presence of some cognizable claims does not mean a claim challenging restitution order is cognizable in 28 U.S.C. § 2255 proceeding). Claim Seven must be denied.

**VII. Claim Ten**

In Claim Ten Kummer argues the Arizona Court of Appeals erred by not evaluating evidence the trial judge was confused at sentencing. The R&R points out this claim was not raised as a federal claim by Kummer on direct appeal and, therefore, it is unexhausted. That is correct. But even on the merits, the trial judge was required by Arizona law to impose a sentence of life in prison. Kummer has not explained how any alleged confusion by the sentencing judge had a negative impact on the sentence he received.

**VIII. Claims Fifteen and Sixteen**

In Claims Fifteen and Sixteen Kummer presents a variety of ways he allegedly received ineffective assistance of counsel. For example, Kummer alleges his counsel failed to interview alibi witnesses, failed to ensure Kummer's family members could testify at trial, failed to prepare Kummer to testify, and failed to challenge the prosecution's case and evidence. The R&R accurately explained that some of these bases were not exhausted. But the R&R also explained how the arguments regarding ineffective assistance of counsel fail on their merits. Kummer's objections do not raise any reason to doubt the R&R's conclusions. In brief, while Kummer argues his counsel failed to present certain testimony, Kummer has not outlined that testimony now. Thus, there is no way of knowing what, exactly, the testimony would have established. Similarly, Kummer claims his attorney did not adequately challenge certain aspects of the prosecution's case but those aspects do not appear to have been crucial to the central issues at the trial. For example, the prosecution described the attack as lasting twenty minutes when, according to Kummer, the undisputed evidence was that the attack lasted no more than four minutes. The precise length of the

attack, however, was not an element of any of the offenses. In sum, Kummer has not established he suffered ineffective assistance of counsel.

**IX. Claim Eighteen**

Claim Eighteen presents a variety of arguments regarding the trial court's failure to grant Kummer's motion for acquittal. Kummer's primary argument is that the prosecution did not present sufficient evidence to convict him. As explained by the R&R, the relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational jury could have convicted Kummer. That question is easily answered in the affirmative as there was DNA evidence to convict Kummer. Claim Eighteen fails.

**X. Claims Twenty, Twenty-One, Twenty-Three**

Claims Twenty, Twenty-One, and Twenty-Three involve alleged errors in the way Kummer's petition for post-conviction relief was handled by the Arizona courts. These claims are not cognizable in a federal habeas proceeding. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.").

**XI. Claim Twenty-Two**

Claim Twenty-Two alleges Kummer received ineffective assistance of counsel in his post-conviction relief proceedings. As correctly stated by the R&R, "[b]ecause there is no constitutional right to an attorney in state post-conviction proceedings . . . a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." (Doc. 22 at 34) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991)). Thus, this claim fails.

**XII. Summary of Habeas Claims**

Kummer has not exhausted many of his claims, the claims he did exhaust do not entitle him to relief, and the unexhausted claims involving ineffective assistance of trial counsel are not "substantial" such that Kummer is entitled to additional proceedings, such as an evidentiary hearing. The R&R will be adopted in full and Kummer's petition for writ of habeas corpus denied.

**XII. Motion to Introduce New Evidence**

After the parties submitted their responses to the R&R, Kummer filed a motion regarding allegedly new evidence. That motion explains the DNA evidence used at Kummer's trial was handled by a private company named Sorenson Laboratories. Kummer now seeks to introduce new evidence consisting of a newspaper article addressing the "history of Sorenson Laboratories' mishandling of DNA evidence." (Doc. 31). Kummer believes this article supports his allegations that the DNA evidence used at his trial was unreliable. Whether to allow new evidence in a habeas proceeding is a complicated issue. *See Cullen v. Pinholster*, 563 U.S. 170, 182 (2011) (noting federal habeas review normally is "limited to the record that was before the state court that adjudicated the claim on the merits"); *Murray v. Schriro*, 745 F.3d 984, 999 (9th Cir. 2014) (noting *Pinholster* "held that petitioners may introduce new evidence in federal court only for claims that we review de novo"). But the Court need not wade into this issue because Kummer has not provided any plausible basis for considering this new evidence. Therefore, the motion will be denied.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 22) is **ADOPTED** with the additional analysis set forth above.

**IT IS FURTHER ORDERED** the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED and DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because dismissal of portions of the petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because the portions of the petition not procedurally barred do not make a substantial showing of the denial of a constitutional right.

…

…

…

**IT IS FURTHER ORDERED** the Motion to Introduce New Evidence (Doc. 31) is **DENIED**.

Dated this 2nd day of October, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge